## FEDERAL PUBLIC DEFENDER

### Southern District of Texas
Lyric Office Centre
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1669

**FEDERAL PUBLIC DEFENDER:**                                                     **Telephone:**
   **MARJORIE A. MEYERS**                                                 **713.718.4600**

July 27, 2016

**First Assistant:**                                                                           **Fax:**
   **H. MICHAEL SOKOLOW**                                               **713.718.4610**

### VIA FIFTH CIRCUIT CM/ECF SYSTEM
Mr. Lyle W. Cayce, Clerk
United States Court of Appeals
 for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130

     RE:     <u>United States v. Gregorio Gonzalez-Longoria</u>, 5th Cir. No. 15-40041;
                Rule 28(j) letter of appellant

Dear Mr. Cayce:

    Mr. Gonzalez-Longoria submits this letter advising the Court of the Third Circuit's recent decision in <u>United States v. Calabretta</u>, No. 14-3969, 2016 WL 3997215 (3d Cir. July 26, 2016), in which the Third Circuit held that the Sentencing Guidelines are subject to challenge for constitutional vagueness and that the residual clause of the particular Guideline at issue, USSG § 4B1.2, was unconstitutionally vague for the same reasons that compelled the Supreme Court to find the residual clause of the Armed Career Criminal Act vague in <u>Johnson v. United States</u>, 135 S. Ct. 2551, 2553-63 (2015).

    This Court had previously directed the parties to address issues related to the question of whether the Sentencing Guidelines were subject to constitutional vagueness challenges. <u>See</u> Clerk Letter for Supplemental Letter Briefs, December 28, 2015. In response, the United States argued that the Sentencing Guidelines were subject to such challenges and consistently maintained that position before this Court, citing, among other cases, <u>Peugh v. United States</u>, 133 S. Ct. 2072 (2013). <u>See</u> Appellee's Second Supplemental Letter Brief, January 22, 2016; Appellee's Supplemental En Banc Brief, April 27, 2016, at 44-51.

In holding that the Sentencing Guidelines are subject to constitutional vagueness challenges in Calabretta, the Third Circuit substantially adopted the United States' arguments in its supplemental brief and en banc briefing in this case. See Calabretta, 2016 WL 3997215 at *5-*6 (citing Peugh). The Third Circuit emphasized in particular that the due process concerns over arbitrary enforcement, as identified in Johnson, are implicated by the particular Guideline at issue, regardless of the manner in which fair notice concerns underlying the vagueness doctrine may be applied in this context. Id. at *6 n.8.

As the court noted in Calabretta, this issue continues to be the subject of a circuit split, which the Supreme Court has accepted for review. See United States v. Beckles, 616 Fed. Appx. 415 (11th Cir. 2015), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544).

> Respectfully submitted,
>
> s/ Michael Herman
> MICHAEL HERMAN
> Assistant Federal Public Defender
> EVAN G. HOWZE
> Research and Writing Specialist
> Attorneys for Appellant

CERTIFICATE OF SERVICE

I certify that on July 27, 2016, a copy of the forgoing Rule 28(j) letter was served upon John P. Taddei and John Reed, counsel for appellee, by notice of electronic filing with the Fifth Circuit CM/ECF system.

> s/ Michael Herman
> MICHAEL HERMAN